# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 17-1039V
Filed: February 15, 2019

| | |
|---|---|
| * * * * * * * * * * * * * <br> ALFRED WADE, JR., *Personal* <br> *Representative of the Estate of* <br> ELAINE D. WADE <br><br> Petitioner, <br><br> v. <br><br> SECRETARY OF HEALTH <br> AND HUMAN SERVICES, <br><br> Respondent. <br> * * * * * * * * * * * * * | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |   UNPUBLISHED <br><br> Decision on Joint Stipulation; <br> Acute Disseminating <br> Encephalomyelitis ("ADEM"); <br> Influenza ("Flu") and <br> Pneumococcal Conjugate <br> ("PCV13") Vaccines |

*Nancy Meyers, Esq.*, Ward Black Law, Greensboro, NC, for petitioner.
*Sarah Duncan, Esq.*, US Department of Justice, Washington, DC, for respondent.

**DECISION ON JOINT STIPULATION[1]**

**Roth**, Special Master:

On August 2, 2017, Alfred Wade, Jr. ("petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program, as personal representative of the estate of Elaine D. Wade.[2] Petitioner alleges that Ms. Wade developed acute disseminating encephalomyelitis ("ADEM") after receiving the influenza ("flu") and pneumococcal conjugate

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

("PCV13") vaccines on November 10, 2016. Stipulation, filed February 15, 2019, at ¶¶ 1-4. Respondent denies that any of the aforementioned immunizations caused petitioner's injury. Stipulation at ¶ 6.

Nevertheless, the parties have agreed to settle the case. On February 15, 2019, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms. Respondent agrees to issue the following payment:

> **A lump sum of $325,000.00 in the form of a check payable to petitioner, Alfred Wade, Jr., as legal representative of the estate of Elaine D. Wade.** This amount represents compensation for all damages that would be available under § 300aa-15(a).

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/ Mindy Michaels Roth  
Mindy Michaels Roth  
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| ALFRED WADE, JR., *Personal Representative* of the Estate of ELAINE D. WADE,<br><br>Petitioner,<br><br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | No. 17-1039V<br>Special Master Roth<br>ECF |

### STIPULATION

The parties hereby stipulate to the following matters:

1. Alfred Wade, Jr., petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program"), on behalf of Elaine D. Wade ("Mrs. Wade"), deceased. The petition seeks compensation for injuries allegedly related to Mrs. Wade's receipt of the influenza ("flu") and pneumococcal conjugate ("PCV13") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu and PCV13 vaccinations on November 10, 2016.

3. The vaccinations were administered within the United States.

4. Petitioner alleges that as a result of the flu and PCV13 vaccines, Mrs. Wade suffered acute disseminating encephalomyelitis ("ADEM"). Petitioner further alleges that Mrs. Wade's death was a sequela of her ADEM.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on behalf of Mrs. Wade as a result of her condition and/or her death.

6. Respondent denies that Mrs. Wade suffered any injury as a result of the flu and PCV13 vaccines administered on or about November 10, 2016, and denies that Mrs. Wade's death was a sequela of her allegedly vaccine-related ADEM.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $325,000.00 in the form of a check payable to petitioner as Legal Representative of the Estate of Elaine D. Wade. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Payment made pursuant to paragraph 8 of this Stipulation and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. Petitioner represents that he presently is, or within 90 days of the date of judgment will become, duly authorized to serve as legal representative of Mrs. Wade's estate under the laws of the State of North Carolina. No payment pursuant to this Stipulation shall be made until

petitioner provides the Secretary with documentation establishing his appointment as the legal representative of Mrs. Wade's estate. If petitioner is not authorized by a court of competent jurisdiction to serve as the legal representative of Mrs. Wade's estate at the time a payment pursuant to this Stipulation is to be made, any such payment shall be paid to the party or parties appointed by a court of competent jurisdiction to serve as the legal representative of the Estate of Elaine D. Wade upon submission of written documentation of such appointment to the Secretary.

12. In return for the payments described in paragraphs 8 and 9, petitioner, in his individual capacity, and as the legal representative of Mrs. Wade's estate, on his own behalf, and on behalf of the Estate and Mrs. Wade's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of Mrs. Wade resulting from, or alleged to have resulted from, the flu and PCV13 vaccinations administered on or about November 10, 2016, as alleged by petitioner in a petition for vaccine compensation filed on or about August 2, 2017, in the United States Court of Federal Claims as petition No. 17-1039V.

13. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

3

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

14. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

15. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and PCV13 vaccines caused Mrs. Wade's alleged ADEM or any other injury or death.

16. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns as legal representatives of the estate of Mrs. Wade.

END OF STIPULATION

/

/

/

/

/

/

/

/

4

Respectfully submitted,

**PETITIONER:**

*/s/ Alfred Wade, Jr.*
ALFRED WADE, JR.

**ATTORNEY OF RECORD FOR PETITIONER:**

*/s/ Nancy R. Meyers*
NANCY R. MEYERS
Ward Black Law, P.A.
208 West Wendover Avenue
Greensboro, NC 27401
Tel: (336) 333-2244

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

*Catharine E Reeves by Heather Pearlman*
CATHARINE E. REEVES
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

*Ward Sorensen for*
NARAYAN NAIR, M.D.
Director, Division of Injury Compensation Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

**ATTORNEY OF RECORD FOR RESPONDENT:**

*/s/*
SARAH C. DUNCAN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 514-9729

Dated: 2/15/2019

5